**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| ALEXANDER GONZALEZ, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC,<br><br>Defendant. | Case No. 2:14-cv-634<br><br>CLASS ACTION COMPLAINT AND JURY DEMAND |

## NATURE OF ACTION

1. This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

Class Action Complaint-1

DC Law Group NW LLC
101 Warren Avenue N.
Seattle, WA 98109
Telephone: (206) 494-0400

**PARTIES**

4. Plaintiff Alexander Gonzalez ("Plaintiff") is a natural person who at all relevant times resided in the State of Washington, County of King, and City of Bellevue.

5. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

6. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a personal credit card (the "Debt").

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant Dynamic Recovery Solutions ("Defendant") is a South Carolina limited liability company that can be served through its registered agent, national Registered Agents Inc., 505 Union Ave. SE Suite 120, Olympia, WA 98501.

9. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

10. Defendant was, at all relevant times, engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

12. In connection with the collection of the Debt, Defendant placed a call to

Plaintiff's cellular telephone on May 6, 2013 at 10:40 A.M., and at such time, left the following voicemail message:

> Hello. I'm attempting to contact you from Dynamic Recovery Solutions. Please give us a return phone call today. Our number is 866-613-5397. Please give us a call today if possible. That toll-free number again is 866-613-5397. Thanks for your help.

13.  Plaintiff returned Defendant's call on May 9, 2013, and at such time, inquired as to why Defendant was calling him, and demanded that Defendant stop calling Plaintiff.

14.  Despite Plaintiff's cease and desist demand, in connection with the collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone on May 14, 2013 at 11:24 A.M., and at such time, left the following voicemail message:

> Hi, good afternoon, may I speak with Alex please. Hi, this message is for Alex Gonzalez. My name is Janet Jones. Please give me a call back at 877-892-9071. This is in re- I have some important documents that I need to get to you. Please give me a call back, again at 877-892-9071.

15.  Despite Plaintiff's cease and desist demand, in connection with the collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone on May 15, 2013 at 6:12 P.M., and at such time, left the following voicemail message:

> Hi, I'm reaching out to you today from Dynamic Recovery Solutions. Please give me a call back when you receive this message. My number is 866-625-8973. I would appreciate a call back today if possible. Again, our toll-free number is 866-625-8973. I appreciate your cooperation.

16.  Defendant's May 6, 2013, May 14, 2013, and May 15, 2013 voicemail messages failed to notify Plaintiff that the communication was from a debt collector, that Defendant was calling to collect a debt, or that any information obtained would be used for that purpose, while Defendant's May 14, 2013 voicemail also failed to disclose Defendant's name.

17.  As a result, Defendant failed to meaningfully disclose its identity to Plaintiff.

18. Upon information and belief, based on other litigation instituted against Defendant, it is Defendant's practice to leave voicemail messages for consumers wherein it fails to meaningfully disclose its identity as required by the FDCPA.

## CLASS ACTION ALLEGATIONS

19. Plaintiff bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class consisting of:

> All persons located in the State of Washington for whom, within one year before the date of this complaint, Dynamic Recovery Solutions, LLC left a voice message/voice recording, in connection with an attempt to collect any purported consumer debt, where the caller failed to state that she/he was a debt collector and/or failed to state that she/he was calling to collect a debt and/or failed to state that any information obtained would be used for that purpose and/or failed to state that the call was from Dynamic Recovery Solutions, LLC.

Excluded from the Class is Defendant, the officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

20. The proposed Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Class is ascertainable in that the names and addresses of all members of the Class can be identified in business records maintained by Defendant.

21. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all claims of the members of the Class originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff has suffered the same injuries as each member of the Class. Plaintiff has retained counsel experienced and competent in class action litigation.

22. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

23. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Class are:

    a. Defendant's violations of the FDCPA as alleged herein;

    b. the existence of Defendant's identical conduct particular to the matters at issue;

    c. the availability of statutory penalties; and

    d. the availability of attorneys' fees and costs.

**COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692d(6)**

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 23.

25. 15 U.S.C. §1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> \*   \*   \*

> (6) except as provided in 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Class Action Complaint-5

26. Defendant's May 6, 2013, May 14, 2013, and May 15, 2013 voicemail messages failed to notify Plaintiff that the communication was from a debt collector, that Defendant was calling to collect a debt, or that any information obtained would be used for that purpose, while Defendant's May 14, 2013 voicemail also failed to disclose Defendant's name.

27. As such, Defendant violated 15 U.S.C. §1692d(6) by failing to provide meaningful disclosure of its identity when placing telephone calls to Plaintiff.

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e(11)

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 23.

29. 15 U.S.C. §1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*   \*   \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

30. Defendant's May 6, 2013, May 14, 2013, and May 15, 2013 voicemail messages failed to notify Plaintiff that the communication was from a debt collector and that Defendant was calling to collect a debt.

31. As such, Defendant violated 15 U.S.C. §1692e(11) by failing to disclose during communications with Plaintiff that the communications were from a debt collector.

Class Action Complaint-6

DC Law Group NW LLC
101 Warren Avenue N.
Seattle, WA 98109
Telephone: (206) 494-0400

**WHEREFORE**, Plaintiff respectfully requests for relief and judgment, as follows:

    a.    Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

    b.    Adjudging and declaring that Defendant violated 15 U.S.C. §1692d(6) and 15 U.S.C. §1692e(11);

    c.    Awarding Plaintiff and members of the Class statutory damages pursuant to 15 U.S.C. §1692k;

    d.    Awarding Plaintiff and members of the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k;

    e.    Awarding Plaintiff and the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

    f.    Awarding other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 29, 2014                      Respectfully submitted,

*s/ Matthew J. Cunanan*
Mathew J. Cunanan
DC Law Group NW LLC
101 Warren Avenue N.
Seattle, WA 98109
Telephone: (206) 494-0400
Facsimile: (855) 494-0400
Email: matthew@dclglawyers.com

James L. Davidson
(*to seek pro hac vice admission*)
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431

Telephone: (561) 826-5477
Facsimile: (561) 961-5684
jdavidson@mgjdlaw.com

Class Action Complaint-8

DC Law Group NW LLC
101 Warren Avenue N.
Seattle, WA 98109
Telephone: (206) 494-0400